**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 14-cv-03096-CMA

KAREN JOHNSON,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

---

**ORDER AFFIRMING ALJ'S DECISION**
**DENYING SOCIAL SECURITY BENEFITS**

---

This disability claim was previously before the Court in 2013. On remand, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff Karen Johnson ("Plaintiff") was not disabled. Plaintiff appeals the Commissioner's decision to deny her application for social security disability benefits under Title II of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff applied for Disability Insurance Benefits in April of 2009. (AR 733.)[1] On May 25, 2011, the ALJ issued a decision finding that Plaintiff was not disabled at any time from January 1, 2006, which was the alleged onset date, through December 31, 2009, which was the last date on which Plaintiff met the insured status requirements of

[1] Citations to the Social Security Administrative Record will be to "AR" followed by the relevant page number.

section 216(i) and 223(d) of the Social Security Act. (AR 734.) On December 19, 2011, the Appeals Council denied Plaintiff's request for review and an appeal to this Court followed. (AR 736.) On January 15, 2013, this Court reversed the May 25, 2011 decision of the ALJ and remanded the matter to Defendant, the Commissioner of Social Security, for further proceedings. (AR 757.) Specifically, the Court ordered that on remand the ALJ shall: (1) address the medical evidence in the record relating to Plaintiff's non-severe impairments; (2) re-determine Plaintiff's residual functional capacity ("RFC") and, potentially, her credibility; and (3) proceed with the sequential analysis at step four and, if necessary, step five. (*Id.*)

Upon remand, the Appeals Council noted that Plaintiff filed a subsequent claim for Title II benefits and directed the ALJ to associate this new claim with the remanded claim and issue a new decision. (AR 727.) On August 20, 2014, the ALJ issued a ruling denying benefits. (AR 697.) In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date of January 1, 2006, through her date last insured of December 31, 2009. [Step 1]

2. Through the date last insured, Plaintiff had the following severe impairments: rheumatoid arthritis; deep vein thrombosis; obesity; and fibromyalgia. [Step 2]

3. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [Step 3]

4. Through the date last insured, Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) except with the limits listed in the prior decision. [Step 4]

5. Through the date last insured, Plaintiff was unable to perform any past relevant work. [Step 5]

Plaintiff did not file written exceptions to the Appeals Council nor did the Appeals Council review the ALJ's decision on its own; thus, the ALJ's decision became the final administrative decision for purposes of judicial review. (*See* AR 687.) On November 17, 2014, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.)

## II. STANDARD OF REVIEW

This Court's review of the ALJ's determination is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the Commissioner—through the ALJ—applied the correct legal standards. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. *Wall*, 561 F.3d at 1084. In reviewing the record and the arguments of counsel, the Court does not reexamine the issues *de novo*, *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993), nor does it re-weigh the evidence or substitute its judgment for that of the Commissioner, *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). Thus, even when some evidence may have supported contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may

have "made a different choice had the matter been before it *de novo*." *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007).

## III. ANALYSIS

The Court will address, in turn, Plaintiff's three arguments in support of her contention that the ALJ committed errors in rendering his decision: (1) the ALJ failed to consider all of Plaintiff's impairments in combination at step three; (2) the ALJ failed to properly determine Plaintiff's RFC; and (3) the ALJ did not meet his burden at step five in identifying a significant number of jobs for someone with Plaintiff's precise disabilities.

### A. WHETHER THE ALJ CONSIDERED PLAINTIFF'S IMPAIRMENTS IN COMBINATION AT STEP THREE

Plaintiff argues that the ALJ erred at step three because he failed to consider the combined effect of her impairments, severe and non-severe. Specifically, she contends that the ALJ erred because "a reasonable fact finder, considering the combined effect" of her conditions, "may reasonably conclude that [Listing 14.09(D)] is equal[ed] due to marked limitation of activities of daily living, in maintaining social functioning, or in completing tasks in a timely manner." In evaluating Listing 14.09(D), Plaintiff asserts that the ALJ should have considered "the combined effect of severe, or nonsevere, osteoarthritis, sacroiliitis, arthralgia, or [degenerative disk disease]." She further alleges that the ALJ erred by not considering the debilitating effect of rheumatoid arthritis on her limited household and social activity. The Commissioner counters by asserting that "[t]he ALJ's substantial and detailed findings—both at step three and at other steps of the sequential evaluation—provide a definitive basis for rejecting Plaintiff's suggestions about Listing 14.09(D)."

At step three, the ALJ considers the medical severity of a claimant's impairments. The Commissioner has provided a "Listing of Impairments" that describes certain impairments that the agency considers conclusively disabling and, therefore, preclude substantial gainful employment. 20 C.F.R. § 404.1525(a); *see also*, Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If a claimant has an impairment that meets or equals one of the listings, the ALJ will find the claimant disabled. 20 CFR § 404.1520(a)(4)(iii), (d). The claimant bears the burden of demonstrating that her impairments meet or medically equal all of the specified criteria contained in a particular listing. *Riddle v. Halter*, 10 F. App'x 665, 667 (10th Cir. 2001). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). If the claimant does not meet or equal a listing, the ALJ must "discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir .1996). Even an inadequate analysis at step three, however, may constitute harmless error "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer—Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).

In determining whether an individual's impairment is of a sufficient medical severity, the Commissioner must consider the combined effect of impairments that may not be severe individually, but which in combination may constitute a severe medical disability. 42 U.S.C.A. § 423(d)(2)(B) (2004); *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). While a "not severe" impairment, standing alone, may not significantly

limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. SSR 96-8P, 1996 WL 374184 at * 5 (July 2, 1996). "For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do." *Id.*

In the instant case, the ALJ considered Listing 14.09 for Inflammatory Arthritis. Listing 14.09(D) requires:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 (effective Feb. 26 to Dec. 8, 2014).

The ALJ's opinion reflects that he adequately considered the combined effect of Plaintiff's severe and non-severe impairments. In accordance with the remand order, the ALJ thoroughly discussed Plaintiff's non-severe impairments that were not discussed in the previous decision: sciatica, sleep apnea insomnia, daytime somnolence, depression, and anxiety. (AR 692–93.) The ALJ also discussed Plaintiff's deep vein thrombosis and fibromyalgia singly and in combination of her other impairments. (AR 693–94.) Additionally, the ALJ properly incorporated his discussion

and analysis from the May 25, 2011 decision into his August 20, 2014 decision; and in the May 25, 2011 step three discussion, the ALJ considered the medical evidence related to Plaintiff's rheumatoid arthritis and obesity singly and in combination. (AR 23.) *Hagins v. Colvin*, No. 13-cv-7164, 2014 WL 5493881, at *4 (C.D. Cal. Oct. 30, 2014) ("[C]ourts have found that an ALJ may properly incorporate an earlier decision into a later one."). Additionally, the ALJ considered Plaintiff's additional medical records that she submitted after the May 25, 2011 decision, but found that the documents covered a time period outside of Plaintiff's coverage dates and "did not significantly impact the above non-severe impairments." (AR 693.) The ALJ stated that Plaintiff's RFC takes into account all of Plaintiff's impairments, both singly and in combination, and the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Thus, the ALJ did not err in considering the combined effect of Plaintiff's severe and non-severe impairments.

In further support of the Court's finding, the ALJ meticulously explained that Plaintiff had no limitation in activities of daily living and mild limitations in social functioning and in the areas of concentration, persistence, or pace. (AR 22–23.) Thus, Plaintiff did not have the "marked" limitations that listing 14.09(D) requires.

Moreover, with respect to Plaintiff's argument that the ALJ erred by not considering the debilitating effect of rheumatoid arthritis on her limited household and social activity, the Court disagrees. At step three, the ALJ found that Plaintiff's rheumatoid arthritis was a severe impairment. At step four, the ALJ determined that the

record did not contain the medical evidence required to meet or medically equal Listing 14.09 for inflammatory arthritis due to rheumatoid arthritis during the relevant period. At step five, the ALJ thoroughly discussed Plaintiff's rheumatoid arthritis, specifically citing evidence from the record, and stated, "the above residual functional capacity assessment is supported by the nature and effect of [Plaintiff's] rheumatoid arthritis and deep vein thrombosis, in combination with her obesity." Thus, the ALJ, in fact, did consider Plaintiff's rheumatoid arthritis in his five-step sequential evaluation process to determine whether Plaintiff was disabled. The Court does not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Salazar*, 468 F.3d at 621.

**B. WHETHER THE ALJ PROPERLY DETERMINED PLAINTIFF'S RFC**

Plaintiff argues that the ALJ erred in determining her RFC "by failing to consider [Plaintiff's] severe and non-severe impairments in combination, namely fibromyalgia, osteoarthritis, sacroiliitis, arthralgia, and [degenerative disc disease]." The Court has already considered and rejected this argument.

Next, Plaintiff contends that the ALJ erred in his assessment of Plaintiff's credibility. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2011) (quoting *Kepler v. Chater*, 68 F.3d 387, 390–91 (10th Cir. 1995)). Provided the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id*. at 910; SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (ALJ's decision "must contain specific reasons for the finding on credibility, supported by evidence in the case record"). Because the

determination of credibility is left to the ALJ as the finder of fact, that determination is generally binding on a reviewing court.

In the instant case, pursuant to the remand order, the ALJ stated that he reconsidered Plaintiff's credibility and RFC. The ALJ concluded that Plaintiff's credibility, "as analyzed in the prior decision, remains the same" and that the non-severe impairments did not impact the prior RFC analysis in any manner. The ALJ's credibility and RFC determinations are inherently intertwined, and the ALJ was not required to reach a different credibility assessment on remand. *Martinez v. Astrue*, No. 2:10-cv-857, 2011 WL 2912817, at *7 (D. Utah July 18, 2011) ("On remand, were the ALJ to reach the same finding regarding Plaintiff's credibility, Plaintiff's argument regarding the ALJ's step five finding would be the same."). Indeed, the remand order specifically directed the ALJ to "re-determine Plaintiff's RFC and, **potentially**, her credibility." (AR 757 (emphasis added).) Although Plaintiff generally asserts that such incorporation is somehow "defective," she cites no authority for that proposition, and, in fact, courts have found that an ALJ may properly incorporate an earlier decision into a later one. *See e.g.*, *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1137 n.9 (C.D. Cal. 2009) (finding that "ALJ incorporated by reference his prior decision of December 21, 2004, . . . and such incorporation is permissible").

In the May 25, 2011 decision, the ALJ concluded that inconsistencies in the record undermined Plaintiff's credibility and that Plaintiff was only partially credible based on her hearing testimony and the medical evidence of record prior to the date last insured. For example, the ALJ noted that Plaintiff's alleged need to use a cane to assist

with ambulation was not supported by Plaintiff's medical records. (AR 25.) Additionally, the ALJ found that there was no evidence in the record of work or activity restrictions placed on Plaintiff by a medical treatment provider that was below her RFC. (*Id.*) Further, Plaintiff alleged disabling arthritic pain prior to the date last insured, but Plaintiff was noted to be well appearing and in no acute distress in November of 2006. (*Id.*) The ALJ supported his findings with citations to the record. Because the ALJ linked his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. Further, the ALJ's credibility finding was not a "boilerplate" conclusion without any supporting evidence. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Rather, the ALJ properly considered objective and subjective factors and gave ample supporting reasons for his credibility determination. The ALJ reasonably and properly discredited Plaintiff's testimony regarding the severity of her symptoms and gave clear and convincing reasons for his adverse credibility finding. Therefore, reversal is not warranted.

**C. WHETHER THE ALJ MET HIS BURDEN AT STEP FIVE**

Plaintiff argues that the ALJ erred at step five when he determined that Plaintiff had transferable skills to perform the positions of order clerk, general clerk, and information clerk. The Commissioner concedes that given Plaintiff's RFC, Plaintiff could not perform any past relevant work. (AR 27.) Yet, the Commissioner contends that the ALJ reasonably relied on the vocational expert in finding that Plaintiff had transferable skills to other occupations with jobs existing in significant numbers in the national economy.

If a claimant has demonstrated that she cannot return to her past relevant work, the ALJ then considers whether, given her age, education, past relevant work, and RFC, the claimant can perform other work in the national economy. 20 C.F.R. § 404.1520(g). In determining whether a claimant can perform other work, an ALJ may rely on the testimony of a vocational expert if the ALJ poses a hypothetical question that reflects all the limitations that he ultimately includes in his RFC assessment. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

As evidence of Plaintiff's inability to do the transferable skills of customer service, keeping records, typing, and operating a computer, Plaintiff points to her own testimony that she was computer illiterate and "just hit a few keys to fill out a program already on the screen and never did any record keeping." She also states that "the record does not establish that she acquired customer service skills beyond logging reservations on the phone." However, the ALJ separately found Plaintiff's testimony only partially credible. Additionally, the ALJ asked the vocational expert whether there were occupations that could be performed by an individual having the same age, education, past relevant work experience, and RFC as Plaintiff had through the date last insured. (AR 29.) The vocational expert responded and testified that representative occupations such an individual could have performed include order clerk, information clerk, and general clerk. (*Id.*) The ALJ properly relied on the vocational expert's testimony with respect to the transferability of Plaintiff's skills. *Prince v. Apfel*, 149 F.3d 1191, 1998 WL 317525, at *3 (10th Cir. 1998) ("The only evidence in the record relevant to the transferability of

claimant's skills was the vocational expert's testimony, clearly a proper evidentiary source on this topic.").

Further, Plaintiff contends that the ALJ's step-five determination is not supported by substantial evidence because two of the three jobs identified at step five—order clerk and general clerk—require frequent reaching, which Plaintiff argues is in excess of her assessed RFC. The Court rejects this argument because, even accepting Plaintiff's contention, the third job identified—information clerk—requires only occasional reaching, which is consistent with Plaintiff's RFC. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (finding plaintiff's challenge that plaintiff could perform only one job identified by the vocation expert, rather than all three jobs, without merit).

Plaintiff also argues that the ALJ failed to identify a significant number of jobs that Plaintiff could perform. However, the ALJ identified more than 1,000,000 jobs that Plaintiff could perform in the national economy as an information clerk, which constitutes a "significant number" of jobs. *See Martinez*, 2011 WL 2912817, at *9 (30,000 jobs in the national economy is a significant number); *Taylor v. Astrue*, No. 11-cv-01425, 2012 WL 1520179, at *8 (D. Colo. 2012) (25,000 jobs in the national economy is a significant number). Accordingly, the ALJ's step five determination is not called into question by these alleged limitations.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the ALJ's decision is AFFIRMED. Each party shall bear its own costs and attorney's fees.

DATED: January 15, 2016

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge